UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-122-KDB
(5:17-cr-20-KDB-DSC-1)

| | |
|---|---|
| JOHN LEWIS CHAMBERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

I. BACKGROUND

Petitioner was indicted in the underlying criminal case for a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (5:17-cr-20, Doc. No. 1). He pled guilty straight-up. See (Id., Doc. No. 14) (Factual Basis). Petitioner stated under oath at a Rule 11 hearing before Magistrate Judge Keesler that he was knowingly and voluntarily pleading guilty, acknowledged the rights he was waiving by entering his plea, and the consequences of his plea including his sentencing exposure. See (Id., Doc. No. 35 at 5-8). Petitioner acknowledged that he had discussed with his lawyer how the U.S. Sentencing Guidelines might apply to his case, that the Court had not yet determined his sentence, and that he may receive a sentence higher or lower than the advisory guidelines range. (Id., Doc. No. 35 at 5-8). Petitioner agreed that his plea was not the product of any threats, intimidation, or promises of leniency or a light sentence. (Id., Doc. No. 35 at 10). Petitioner had enough time to discuss with his lawyer any possible defenses and he stated his satisfaction with her services. (Id., Doc. No. 35 at 10).

1

The Presentence Investigation Report ("PSR") scored the base offense level as 24 pursuant to U.S. Sentencing Guidelines § 2K2.1 for a violation of § 922(g)(1) subsequent to Petitioner's commission of at least two felony convictions of a crime of violence, *i.e.*, common law robbery in Iredell County case numbers 00CRS50281 and 02CRS52894. (Id., Doc. No. 23 at ¶ 15). Three levels were deducted for acceptance of responsibility resulting in a total offense level of 21. (Id., Doc. No. 23 at ¶¶ 22-24). Petitioner received no Chapter Four enhancements. (Id., Doc. No. 23 at ¶ 20).

The PSR's Criminal History section scored the following North Carolina convictions:

00CRS50281: common law robbery (19 to 23 months' imprisonment), 3 points

02CRS52894: common law robbery (19 to 23 months' imprisonment, suspended); 02CRS53151 & 02CRS53152: assault on a law enforcement officer/ police officer with a firearm (36 to 53 months' imprisonment, suspended), 3 points

09CR52575: flee/elude arrest with motor vehicle (120 days' imprisonment); 09CR52576: reckless driving to endanger (60 days' imprisonment), 2 points

11CR4073: driving while license revoked (91 days' imprisonment), 2 points

13CR1833: driving while license revoked (45 days' imprisonment), 1 point

13CR4208: driving while license revoked (45 days' imprisonment)
13CR4209: possession of drug paraphernalia (consolidated with 13CR4208), 1 point

14CRS55081: possession of marijuana (100 days' imprisonment, suspended), 1 point

15CRS53190: assault on a female (150 days' imprisonment, suspended), 1 point

16CR50980: assault on a female (150 days' imprisonment), 2 points

(Id., Doc. No. 23 at ¶¶ 30, 34, 35, 37, 41, 42, 43, 44, 46).

Two more points were added because Petitioner committed the instant offense while under a criminal justice sentence. (Id., Doc. No. 23 at ¶¶ 47-48). This resulted in a criminal history score of 18 and a criminal history category of VI. (Id., Doc. No. 23 at ¶ 49).

The resulting advisory guideline imprisonment range was 77 to 96 months followed by between one and three years of supervised release. (Id., Doc. No. 23 at ¶¶ 114, 117).

Counsel filed objections to the PSR on Petitioner's behalf arguing, *inter alia*, that the two North Carolina robbery convictions do not qualify as "crimes of violence" for purposes of the enhanced § 2K2.1 base offense level. (Id., Doc. No. 22).

At the sentencing hearing before Judge Voorhees, Petitioner stated that he pled guilty in his case, he understands the nature of the charges and possible penalties and is fully satisfied with counsel's services. (Id., Doc. No. 36 at 2). He confirmed that he pled guilty freely and voluntarily and that he committed the offense at issue. (Id., Doc. No. 36 at 3). Petitioner acknowledged that he received a copy of the PSR and went over it with counsel. (Id., Doc. No. 36 at 3). Counsel withdrew the PSR objection about common law robbery convictions qualifying as a crime of violence based on the Fourth Circuit's recent ruling in United States v. Gattis, 877 F.3d 150 (4th Cir. 2017). (Id., Doc. No. 36 at 4). Petitioner's counsel requested a sentence at the low end of the advisory guideline range and the Government requested a sentence within the guideline range. (Id., Doc. No. 36 at 6-10). The Court sentenced Petitioner within the advisory range to 84 months' imprisonment and three years of supervised release. (Id., Doc. No. 36 at 14); (Id., Doc. No. 25).

Counsel filed a memorandum brief on direct appeal pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating there are no meritorious issues for appeal but questioning whether the Court erred by increasing Petitioner's base offense level based on a finding that Petitioner had two prior felony convictions for crimes of violence. Petitioner did not file a *pro se* brief. The Fourth Circuit affirmed on September 5, 2018, finding that no sentencing error had occurred and that Petitioner's specific claim with regards to his predicate robbery convictions is foreclosed by Gattis. United States v. Chambers, 736 Fed. Appx. 407 (4th Cir. 2018).

Petitioner filed the instant § 2255 Motion to Vacate on September 4, 2019. Liberally construing the *pro se* Motion to Vacate,[1] Petitioner argues that: (1) his misdemeanor assault convictions in case numbers 16CR50980 and 15CRS53190 are not predicate crimes of violence for purposes of the enhanced base offense level pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015); (2) the U.S. Sentencing Guidelines violate due process; (3) counsel was ineffective for failing to tell Petitioner that the probation officer was going to use non-violent traffic infractions to enhance his advisory guideline range; and (4) improper inclusion of six misdemeanor convictions in the criminal history calculation raised the base offense level and constituted plain and procedural error. Petitioner argues that he did not raise these claims on direct appeal due to ineffective assistance of appellate counsel.

**II.  SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

It is well settled that a criminal defendant cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion);

---

[1] Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

Barring "extraordinary circumstances, ... an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines. See United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) ("misapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice."). Merely alleging a miscalculation of the guidelines does not give rise to a constitutional issue and therefore is not cognizable in the context of a § 2255 petition. Pregent, 190 F.3d at 284.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong

inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court further determines that Petitioner's claims can be resolved without a response from the Government.

**III. DISCUSSION**

**(1) Base Offense Level**

Petitioner argues that his prior North Carolina robbery convictions are not "crimes of violence" for purposes of an enhanced base offense level under U.S. Sentencing Guidelines Section 2K2.1(a)(2) pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015).

Petitioner is barred from presenting this claim in his § 2255 Motion to Vacate because counsel raised it on direct appeal and the Fourth Circuit denied it on the merits in light of binding precedent. United States v. Gattis, 877 F.3d 150 (4th Cir. 2017) (conviction for North Carolina common-law robbery is a predicate "crime of violence" under the U.S. Sentencing Guidelines). Because this claim was already raised and rejected on direct review, the Court need not revisit it here. See generally United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993) (the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court"); see also

White v. United States, 371 F.3d 900, 902–03 (7th Cir. 2004) ("Presented is presented, whether in an Anders brief or in any other format…."). This claim will therefore be dismissed with prejudice.[2]

**(2)     Due Process**

Petitioner's Claim (2) states *verbatim:*

> Violation of defendant's constitutional rights of Due Process to the 4th, 5th, 6th, 14th Amendment. The Courts improperly interpret the U.S. Sentencing Commission promulgates of the guideline which is in itself a unnecessarily suggestive procedure, under Due Process of Law.

(Doc. No. 1 at 8).

This claim is too vague and conclusory to support relief because Plaintiff fails to identify the part of the Sentencing Guidelines that allegedly violates due process or how they were applied in his case.

Liberally construed, it appears that Petitioner may be attempting to set forth a version of the Johnson claim presented in Claim (1), *supra*. Such a claim is barred insofar as Petitioner already presented his Johnson-based claim to the Fourth Circuit and it was rejected on the merits.[3] Even if Petitioner intended to attack a different portion of the U.S. Sentencing Guidelines than that addressed in Claim (1), such a claim would be denied on the merits because "the Guidelines are not amenable to a vagueness challenge" under the Due Process clause. Beckles v. United States, 137 S.Ct. 886, 894 (2017). This claim will therefore be dismissed with prejudice and denied.

---

[2] If this claim was not barred it would be dismissed because it is a non-constitutional issue that is not cognizable on § 2255 review. Even if this claim is liberally construed as one of ineffective assistance of counsel, it would fail on the merits because Johnson does not apply to the advisory sentencing guidelines, Beckles v. United States, 137 S.Ct. 886, 894 (2017), and counsel cannot be deemed ineffective for failing to raise a non-meritorious claim, Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

[3] To the extent that Petitioner failed to present his § 2255 claims to the Fourth Circuit on direct appeal, they are procedurally defaulted from federal habeas review absent a showing of cause and prejudice or actual innocence. The Court has not provided Petitioner an opportunity to make such a showing because his claims are meritless regardless of any procedural bar. See generally Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999) (noting that procedural default is generally addressed *sua sponte* only after the petitioner has been given notice and the opportunity to respond).

**(3)    Ineffective Assistance of Counsel**

Next, Petitioner argues that counsel was ineffective for failing to inform him that his non-violent traffic history would be included in the PSR.

This claim is refuted by the record insofar as Petitioner freely and voluntarily entered a straight-up guilty plea with full knowledge of his maximum sentencing exposure, the fact that a PSR would be completed, and that the Court's sentencing decision would be based on all relevant facts and circumstances. Petitioner acknowledged at the sentencing hearing that he went over the PSR with counsel in detail, reaffirmed his decision to plead guilty freely and voluntarily, and was fully satisfied with counsel. (5:17-cr-20, Doc. No. 36 at 1-3). His present unsupported and self-serving contentions that he was dissatisfied with counsel's services are rejected. See generally Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).

This claim is also insufficient to support relief because Petitioner fails to demonstrate prejudice by showing that there was a reasonable probability that he would not have pled guilty absent counsel's alleged misadvice. See generally Rhynes, 196 F.3d at 232.

For all the foregoing reasons, this claim is insufficient to support relief and refuted by the record, and will be denied.

**(4)    Criminal History Calculation**

In Claim (4), Petitioner argues *verbatim:*

> Violation of Plan [sic] error, as well as procedural error. The opinion conflicts with a decision of the U.S. Supreme Court, this Court, or another Court of Appeals and the conflict was not addressed: The case itself involves one or more questions of exceptional importance. Did the Court commit procedural error when it improperly calculated the (six) Class one (1) misdemeanors that cannot be used as points for determining the prior record level for felony sentencing. GS 20-14.46(2) to raise the base offense level.

(Doc. No. 1 at 10).

Petitioner contends that his failure to raise this claim on direct appeal was due to ineffective assistance of appellate counsel.

This claim of sentencing calculation error is a non-constitutional claim that is not cognizable on § 2255 review. However, this claim will be liberally construed as one of ineffective assistance of counsel for failing to object to a sentencing calculation error. This claim is too vague and conclusory to support relief. Petitioner argues that his six misdemeanor traffic violations should not have been calculated in his criminal history. However, he fails to set forth any factual or legal foundation for this assertion. This claim is also meritless because a review of the PSR reveals that no criminal history scoring error occurred.

Petitioner received 12 criminal history points for offenses that are not traffic-related, and for committing the present offense while under a criminal justice sentence. See (5:17-cr-20, Doc. No. 23 at §§ 30, 34, 43, 44, 46, 48). Only one additional point was required to qualify Petitioner as a criminal history category of VI. His remaining scored convictions easily satisfy this requirement.

Petitioner was scored a total of six criminal history points for driving-related convictions. He received two points for cases 09CR52575 and 09CR52576 for flee/elude arrest with a motor vehicle for which he was sentenced to 120 days' imprisonment, suspended, and reckless driving to endanger, for which he was sentenced to 60 days' imprisonment, suspended (Id., Doc. No. 23

at ¶¶ 35); he received two points for case number 11CR4073 for driving while license revoked, for which he was sentenced to 91 days imprisonment (Id., Doc. No. 23 at ¶ 37); he received one point for case number 13CR1833 for driving while license revoked for which he was sentenced to 45 days, suspended (Id., Doc. No. 23 at ¶ 41); and he received one point for case numbers 13CR4208 and 13CR4209 for driving while license revoked and possession of drug paraphernalia, for which he was sentenced to 45 days imprisonment (Id., Doc. No. 23 at ¶ 42).

Petitioner appears to contend that his driving-related offenses were improperly scored under Guidelines Section 4A1.2(c)(1) and/or (2). Those provisions state that offenses similar to "[d]riving without a license or with a revoked or suspended license" are only scored if the sentence was a term of probation of more than one year or a term of imprisonment of at least 30 days or if the prior offense was similar to an instant offense, U.S.S.G. § § 4A1.2(c)(1), and that sentences for minor traffic infractions such as speeding are never counted, U.S.S.G. § 4A1.2(c)(2). None of Petitioner's driving-related offenses fall within either of these categories. They are not non-scoreable minor traffic infractions such as speeding, and the convictions for driving with a revoked license were all sentenced for a term of imprisonment exceeding 30 days. These convictions were correctly scored under the applicable guidelines, which provide for two criminal history points for each prior sentence of at least 60 days, and one criminal history point for each prior sentence not counted under 4A1.1(a) or (b), maximum of four points. Petitioner therefore qualified for a criminal history category of VI. See U.S.S.G. Sentencing Table (2016) (13 or more criminal history points result in a criminal history category of VI). Counsel cannot be deemed deficient for failing to raise a frivolous objection to the PSR with regards to the scoring of these offenses. See generally Knowles, 556 U.S. at 123 ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

Petitioner's claim that counsel was ineffective for failing to object to the calculation of his criminal history points is therefore meritless and will be denied.

**IV.     CONCLUSION**

For the foregoing reasons, the Motion to Vacate is dismissed with prejudice and denied on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 31, 2019

Kenneth D. Bell
United States District Judge